

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NOE CRUZ JIMENEZ,

                        Petitioner,

v.

KRISTI NOEM, et al.,

                        Respondents.

Case No.:  3:26-cv-01510-CAB-DEB

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Noe Cruz Jimenez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner, a Guatemalan native, alleges that he entered the United States in 2013, was detained by Immigration and Customs Enforcement ("ICE"), and was released on an order of supervision on April 25, 2018.  [*Id.* at 3, 5.]  Petitioner was re-detained by ICE on December 18, 2025 upon exiting his regularly scheduled check-in with ICE.  [*Id.* at 3.]  Petitioner claims that his detention violates the Fifth Amendment, Immigration and Nationality Act, Administrative Procedure Act, and the Accardi Doctrine and seeks immediate release or a prompt bond hearing.  [*Id.* at 11–19.]

Respondents do not contest any of Petitioner's asserted facts.  [*See* Doc. No. 3.]  Nor do Respondents make any legal arguments against Petitioner's claims that his detention violates the Due Process Clause of the Fifth Amendment.  [*See id.*; *see also* Petition at 6–

9.] Instead, Respondents "acknowledge the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a)" and "do not oppose an Order requiring [a bond] hearing before an immigration judge for Petitioner." [Doc. No. 3 at 1–2.] Petitioner replies that Respondents have failed to address Petitioner's due process arguments and immediate release is appropriate. [Doc. No. 4 at 1–2, 6.]

In light of Petitioner's unrefuted facts and legal claim under the Fifth Amendment, the Court **GRANTS** the writ of habeas corpus based on the reasoning the Court has articulated in similar cases. *E.g.*, *Tokhi v. LaRose, et al.*, Case No. 3:26-cv-0803-CAB-VET, Doc. No. 5 (S.D. Cal. Feb 19, 2026). The Court therefore **ORDERS** Respondents to immediately release Petitioner under the same conditions of release that existed immediately prior to his December 18, 2025 re-detention. <u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: April 1, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge